UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARLENE H.,<br><br>    Plaintiff,<br><br>    v.<br><br>LEE DUDEK,<br> ACTING COMMISSIONER OF<br> SOCIAL SECURITY,[1]<br><br>    Defendant. | No. 22 CV 2326<br><br>Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Arlene H. appeals the Acting Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion for summary judgment [10] is denied, defendant's motion for summary judgment [17] is granted, and the denial of benefits is affirmed.[2]

**Background**

In June 2019, plaintiff applied for a period of disability and disability insurance benefits, alleging that she became disabled on July 24, 2018. [8-1] 11. The claim was denied initially, on reconsideration, and after a hearing with an administrative law judge (ALJ). [*Id.*]. The Appeals Council denied review in March 2022, *see* [*id.*] 1-4, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court [1], and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step sequential-evaluation process. At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since her alleged onset date. [8-1] 14. At step two, the ALJ determined that plaintiff suffered from two severe

---

[1] In accordance with Fed. R. Civ. P. 25(d), Lee Dudek, the Acting Commissioner of Social Security, is substituted as the defendant in this case in place of the former Commissioner of Social Security, Martin O'Malley.

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [8-1, 8-2], which refer to the page numbers in the bottom right corner of each page.

impairments: osteoarthritis and mild neurocognitive disorder. [*Id.*] 14-15. At step three, the ALJ ruled that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 15-16. Before turning to step four, the ALJ concluded that plaintiff had the residual functional capacity to perform medium work, except that she could only occasionally climb ladders, ropes, or scaffolds; only frequently stoop, kneel, crouch, or crawl; must avoid concentrated exposure to unprotected heights and moving mechanical parts; and was limited to work that involved only oral instructions and simple, repetitive work. [*Id.*] 16-20. At step four, the ALJ held that plaintiff could perform her past relevant work as an inspector packer. [*Id.*] 20-21. Because that finding meant that plaintiff was not disabled, the ALJ denied plaintiff's application without proceeding to step five.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the ALJ erred in evaluating the opinion of her primary care doctor, Christina Arellano. [10] 11-13. Dr. Arellano opined that plaintiff (1) could not lift more than ten pounds; (2) could not sit, stand, or walk for even one hour per day; (3) required a sit/stand option; (4) needed a cane to ambulate; and (5) could never finger, feel, handle, or reach. *See* [8-2] 1838-41. The ALJ found that Dr. Arellano's opinion was "wholly unpersuasive" because "there is no support in the record or in Dr. Arelano's [*sic*] treatment records for these extreme limitations." [8-1] 19. Plaintiff argues that substantial evidence does not support that conclusion because the record supposedly contradicts the ALJ's conclusion that there was no objective evidence supporting plaintiff's alleged lower extremity weakness. [10] 12-13. The Court disagrees.

An ALJ "will not defer or give any specific weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from a [claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ will explain "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings[.]" 20 C.F.R. § 404.1520c(b). In deciding how

2

persuasive a given opinion or finding is, the ALJ considers "supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict" the opinion or finding. *Victor F. v. Kijakazi*, No. 22 C 1451, 2023 WL 2429357, at *3 (N.D. Ill. Mar. 9, 2023). "Supportability and consistency are the two most important factors." *Id.* "An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors." *Id.* An ALJ need only "minimally articulate" her reasoning for crediting or discrediting medical opinions. 27 F.4th 1273, 1276 (7th Cir. 2022).

In this case, the ALJ had a substantial evidentiary basis to reject Dr. Arellano's opinions as unsupported and inconsistent with other evidence in the record. As the ALJ explained, Arellano opined that plaintiff needed a cane to walk but "[t]here is no evidence of cane use and the claimant consistently has normal neurological functioning with normal gait." [8-1] 19-20. Plaintiff does not dispute that point. The ALJ also concluded that Dr. Arellano's opinion that plaintiff could "never" finger, feel, handle, or reach was both unsupported by her own treatment records and contradicted by the evidence that plaintiff had "normal strength, hand grip and fine and gross motor." [*Id.*] 20. Again, plaintiff does not challenge those findings. Elsewhere in her decision, the ALJ observed that x-rays taken in 2018 showed that plaintiff's osteoarthritis was mild and plaintiff had undergone only conservative treatment. [*Id.*] 18. She also noted that, during a December 2019 consultative exam, plaintiff (1) moved around the doctor's office, was able to get up from a chair, and get on and off the examining table–all without difficulty; and (2) demonstrated normal gait, normal heel and toe walk, and normal fine and gross motor skills. [*Id.*] 19. Moreover, the ALJ credited the opinions of the state agency reviewers that plaintiff could perform a reduced range of medium work because those opinions accounted for "degenerative changes on [plaintiff's] cervical spine," the lack of "ongoing treatment for her cervical spine" and plaintiff's "physical exams." [*Id.*]. All this constituted substantial evidence for the ALJ's rejection of Dr. Arellano's opinions.

Plaintiff insists that the record refutes the ALJ's finding that there was "no exam demonstrating . . . on an objective basis" that plaintiff had "lower extremity weakness." [8-1] 20. Yet plaintiff has not cited a report from any objective test or examination documenting her asserted lower extremity weakness. *See* [10] 13. Instead, plaintiff relies on two physical-therapy notes referring to lower extremity weakness and a subjective complaint of lower extremity weakness that was recorded in one of Dr. Arellano's treatment notes. *See* [8-2] 1362, 164, 1371. By urging the Court to find that this evidence amounted to objective exam findings of lower extremity weakness, plaintiff is essentially–and–impermissibly asking the Court to reweigh the evidence and substitute its judgment for the ALJ's. *See Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024).

3

In any event, even if the ALJ erred by concluding that there was no objective exam finding to support the asserted lower extremity weakness, the Court would find that error harmless. As discussed above, the ALJ adequately–indeed, persuasively– explained why she did not credit Dr. Arellano's opinion and cited ample evidence that was inconsistent with Arellano's opinion that plaintiff's alleged lower extremity weakness caused the extreme limitations identified in her opinion. *See* [8-1] 18-19. Contrary to plaintiff's argument, moreover, *see* [19] 2, the Court is "not violating *Chenery*'s command"–and improperly relying on a post-hoc rationalization for the ALJ's decision–"by looking at the ALJ's more thorough discussion of the evidence" relating to her weighing of the opinion evidence that appears elsewhere in her decision. *Jeske v. Saul*, 955 F.3d 583, 590 (7th Cir. 2020); *see also Henderson v. Kijakazi*, Case No. 22 C 3890, 2023 WL 6388143, at 3 (N.D. Ill. Sept. 29, 2023) ("The court applies a common-sense reading to the entirety of an ALJ's decision" and "reads the ALJ's decision as a whole."). For these reasons, the Court has great confidence that, if a remand were ordered, the ALJ would again reject Dr. Arellano's opinions, likely for the same well-supported reasons she articulated in her decision. *See Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021) (error in Social Security appeal is harmless if court "can predict with great confidence what the result of remand will be").

## Conclusion

Plaintiff's motion for summary judgment [10] is denied, defendant's motion for summary judgment [17] is granted, and the decision denying the application for benefits is affirmed.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: February 20, 2025**